# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS OLSON**
        **Plaintiff,**

    v.                                              Case No. 13-C-0015

**CAROLYN W. COLVIN,**
**Acting Commissioner of the Social Security Administration**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Thomas Olson brought this action seeking judicial review of the denial of his application for social security disability benefits. Plaintiff argued that the Administrative Law Judge ("ALJ") erred in concluding that the state agency psychological consultants' reports supported the denial; finding that no treating source report supported a finding of disability; evaluating his intellectual functioning; determining credibility; and assessing residual functional capacity ("RFC"). I rejected plaintiff's claims regarding treating source opinions, intellectual functioning, and credibility, but found that the ALJ failed to include in his RFC assessment and in his hypothetical questions to the vocational expert ("VE") plaintiff's limitations in concentration, persistence, and pace ("CPP"), as set forth in the consultants' reports. The Commissioner argued that the ALJ accounted for these limitations with an RFC for "simple" and "repetitive" work. However, I noted that the Seventh Circuit had repeatedly rejected that argument, e.g., O'Connor-Spinner v. Astrue, 627 F.3d 614, 620 (7th Cir. 2010); Stewart v. Astrue, 561 F.3d 679, 684-85 (7th Cir. 2009), and therefore reversed the ALJ's decision and remanded for further proceedings under 42 U.S.C. § 405(g), sentence four.

**I.**

Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA directs a fee award to the prevailing party in a suit against the government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Because I reversed the Commissioner's denial of plaintiff's application, remanding for further proceedings under § 405(g), sentence four, plaintiff is the prevailing party. Bassett v. Astrue, 641 F.3d 857, 859 (7th Cir. 2011) (citing Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993)).

However, the Commissioner contends that plaintiff's motion should be denied because the government's position was substantially justified. The Commissioner's position is substantially justified if a reasonable person could conclude that the ALJ's opinion and the Commissioner's defense of it had a rational basis in fact and law. Id. (citing Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir.1994)). The Commissioner bears the burden of proving that her pre-litigation conduct, including the ALJ's decision itself, and her litigation position were substantially justified. Stewart, 561 F.3d at 683; see also Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006) ("EAJA fees may be awarded if the government's pre-litigation conduct, including the ALJ decision itself, or its litigation position are not substantially justified, but the district court is to make only one determination for the entire civil action."). Because the court considers the case overall, it should not engage in "argument counting" to decide an EAJA motion. See Stewart, 561 F.3d at 683-84; Rodriguez v. Colvin, No. 11-CV-1165, 2013 WL 3766518, at *4 (E.D. Wis. July 16, 2013). Thus, the fact that plaintiff prevailed on some but not all of his arguments for reversal is not dispositive.

2

**II.**

The Commissioner faces an uphill battle in arguing substantial justification in this case, as the Seventh Circuit in Stewart reversed the denial of an EAJA motion in a case involving essentially the same error I found here. In Stewart, the claimant argued that fees should have been awarded because the ALJ violated settled law by omitting limitations in CPP from the hypothetical question to the VE. The Seventh Circuit agreed, stating that:

> the formulation of the hypothetical given to the vocational expert . . . contradicts judicial precedent. When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005); Young v. Barnhart, 362 F.3d 995, 1003 (7th Cir. 2004); Indoranto v. Barnhart, 374 F.3d 470, 474 (7th Cir. 2004); Steele, 290 F.3d at 942; see also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001); Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). More specifically, the question must account for documented limitations of "concentration, persistence or pace." Ramirez v. Barnhart, 372 F.3d 546, 554 (3d Cir. 2004); Young, 362 F.3d at 1004; Kasarsky v. Barnhart, 335 F.3d 539, 544 (7th Cir. 2003); Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002); Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002); Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996). The Commissioner asserts that the ALJ accounted for Stewart's limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public. We have rejected the very same contention before. In Young v. Barnhart, we held that a hypothetical with exactly those specifications did not adequately account for the plaintiff's medical limitations, including an "impairment in concentration." 362 F.3d at 1004. The Commissioner continues to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to "simple" tasks, and we and our sister courts continue to reject the Commissioner's position. Craft v. Astrue, 539 F.3d 668, 677-78 (7th Cir. 2008) (limiting hypothetical to simple, unskilled work does not account for claimant's difficulty with memory, concentration, or mood swings); Ramirez, 372 F.3d at 554 (hypothetical restriction to simple one or two-step tasks does not account for limitations of concentration); Kasarsky, 335 F.3d at 544 (constructing hypothetical question about a person with borderline intelligence does not account for deficiencies in concentration); Smith v. Halter, 307 F.3d 377, 380 (6th Cir. 2001) (restricting hypothetical to jobs without quotas, rather than to simple tasks, adequately addresses impairment in concentration). In fact, the Social Security Administration itself rejects that position. SSR 85-15. The Commissioner does not acknowledge these authorities or cite any contrary precedent, nor does he explain why the hypothetical failed to include restrictions

3

> on, for example, the ability to understand instructions or respond to work pressures. See 20 C.F.R. § 404.1545(c). As a consequence, the vocational expert did not address these limitations when he suggested vocations such as punch-board assembler, laundry worker, or sorter. In light of this clear line of precedent, both the ALJ's hypothetical and the Commissioner's subsequent defense of that hypothetical lack substantial justification. Young, 362 F.3d at 1004-05; Steele, 290 F.3d at 942.

Id. at 684-85; see also Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004) (awarding fees where the ALJ and the Commissioner violated clear and long judicial precedent, as well as the Commissioner's own Ruling and Regulations).

In her EAJA response, the Commissioner first argues that Stewart held only that an ALJ may not "assume" that a limitation to simple, unskilled work accounts for a claimant's moderate limitations in CPP. Stewart said that the ALJ "must account for documented limitations of concentration, persistence or pace," id. at 684 (emphasis added; internal quote marks omitted), a far stronger statement than the Commissioner suggests. In O'Connor-Spinner, the Seventh Circuit clarified that while it had "not insisted . . . on a per se requirement that this specific terminology ('concentration, persistence and pace') be used in the hypothetical in all cases," 627 F.3d at 619, "for most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do." Id. at 620-21. Thus, the Commissioner must show that it was reasonable to contravene the general rule in this case.

The Commissioner contends that the ALJ reasonably relied on the consultants' conclusion that, despite a moderate impairment in CPP, plaintiff retained the basic mental capacity for unskilled work. The Commissioner notes that in Johansen v. Barnhart, 314 F.3d 283, 288 (7th Cir. 2002), the court excused the ALJ's omission of CPP limitations where the

4

consultant "went further and translated those findings into a specific RFC assessment, concluding that Johansen could still perform low-stress, repetitive work." See also Milliken v. Astrue, 397 Fed. Appx. 218, 222 (7th Cir. 2010) (relying on Johansen to affirm where the consultant, after finding limitations in CPP, effectively translated his opinion as to the claimant's mental limitations into an RFC for unskilled work). The Commissioner cites several post-O'Connor-Spinner district court decisions relying on Johansen to affirm where the psychologists translated their findings into an RFC for simple or unskilled work. (R. 27 at 4, 6.)

The first problem with this argument is that the Commissioner failed to develop it at the merits stage. See Federal Election Comm'n v. Rose, 806 F.2d 1081, 1089 (D.C. Cir. 1986) ("[A]n agency may not avoid fees simply by arguing that a reasonable explanation existed to justify the underlying action. To allow this would be to encourage government counsel to offer post hoc rationalizations, or permit the courts to search for explanations not given by the agency, in order to avoid fees under EAJA."); see also Jackson v. Chater, 94 F.3d 274, 279 n.1 (7th Cir. 1996) (citing Rose for this proposition). In response to plaintiff's CPP argument, the Commissioner cited Johansen, Sims v. Barnhart, 309 F.3d 424 (7th Cir. 2002), and Simila v. Astrue, 573 F.3d 503 (7th Cir. 2009),[1] but she made no mention of O'Connor-Spinner or the later district court decisions purporting to apply Johansen in the manner the Commissioner now suggests. (See R. 19 at 19-20.)

In any event, the Commissioner's new argument overlooks O'Connor-Spinner's limitation of Johansen. In O'Connor-Spinner, the Seventh Circuit reconciled Johansen's result with the general rule because the hypothetical in Johansen limiting the claimant to repetitive, low stress

---

[1] I distinguished these cases in the merits decision. (R. 22 at 39.)

5

work excluded positions likely to trigger symptoms of the panic disorder that lay at the root of her moderate limitations in CPP. 627 F.3d at 619; id. at 620 (explaining that this was why Johansen was distinguishable and did not conflict with the general rule); see also Miller v. Colvin, No. 1:11-cv-01186, 2013 WL 796722, at *4 (S.D. Ind. Mar. 1, 2013) ("The decision in Johansen did not turn on the physician's opinion relating to simple, repetitive tasks. Rather, the court noted that when the limitations were stress-related or panic-related and the hypothetical restricted a claimant to low-stress work, the hypothetical question served its purpose of informing the vocational expert of all of the claimant's limitations.").[2] It is telling that the district court in O'Connor-Spinner specifically relied on Johansen for the same point the Commissioner does now – that an ALJ may omit CPP limitations from the hypothetical so long as the medical expert translated the limitations into a specific RFC. See 2007 WL 4556741, at *8-9 (S.D. Ind. Dec. 20, 2007). The Seventh Circuit reversed, distinguishing Johansen as discussed above. See O'Connor-Spinner, 627 F.3d at 619-21.

The Commissioner's argument also ignores O'Connor-Spinner's admonition that the "ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity."[3] Id. at 620; see also SSR 85-15, 1985 WL 56857, at *6 ("Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the

---

[2] The Miller court also rejected the Commissioner's reliance on Milliken, an unpublished decision issued before O'Connor-Spinner which carried little to no weight to the extent that its holding differed from that of O'Connor-Spinner. Id. at *4 n.1.

[3] I stressed this important distinction at the merits stage, finding that a restriction to simple, routine, repetitive work accounted for plaintiff's intellectual limitations but not his difficulties in maintaining CPP due to his affective disorder. (R. 22 at 38.)

6

demands of the job."). If it is error for an ALJ to equate skill with assiduity, the error cannot be excused just because the ALJ relied on a consultant who made the same mistake in translating his findings into a bottom-line RFC. Because RFC is a matter reserved to the Commissioner, 20 C.F.R. § 404.1527(d)(1), the ALJ may not defer this determination to a doctor, see, e.g., Bates v. Colvin, 736 F.3d 1093, 1100 n.4 (7th Cir. 2013).

In sum, I cannot conclude that the district court cases the Commissioner now cites are sufficient in light of the binding precedent of Stewart and O'Connor-Spinnner. As one of my colleagues recently stated in rejecting a similar argument:

> In finding that this case should be remanded, the Court noted that the ALJ's hypothetical posed to the Vocational Expert ("VE") omitted Mr. Livingston's moderate deficiencies in concentration, persistence and pace, despite the ALJ's finding of such limitation, and that the phrase "simple, repetitive tasks" does not adequately capture limitations in concentration, persistence and pace. Dkt. 28 at 11-12. The Commissioner argues that her position was not unreasonable, and was supported by persuasive authority in six district court decisions. However, the Commissioner ignores binding precedent that states that limiting a worker to simple, repetitive work does not necessarily address deficiencies in concentration, or persistence and pace, and that "the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations." O'Connor-Spinner v. Astrue, 627 F.3d 614, 620-21 (7th Cir. 2010). The Commissioner did not argue that either of the two exceptions to this general rule applied, and instead relied upon the six district court cases to support her argument. The formulation of the hypothetical given to the VE contradicted judicial precedent because it failed to include all limitations supported by evidence in the record, and the Seventh Circuit has determined that the Commissioner's defense of such a hypothetical lacks substantial justification. Stewart v. Astrue, 561 F.3d 679, 684-[85] (7th Cir. 2009). Therefore, the Court finds that the Commissioner's position was not substantially justified, and Mr. Livingston is entitled to an award of attorney's fees under the EAJA.

Livingston v. Colvin, No. 1:11-cv-01615, 2013 WL 6244660, at *1 (S.D. Ind. Dec. 3, 2013).

Even if Johansen could be interpreted as the Commissioner claims, allowing the ALJ to rely on the consultant's translation of mental limitations into a specific RFC for unskilled

7

work, the present case is factually different. In Johansen, the consultant found the claimant between "moderately limited" and "not significantly limited" in two of eight areas under the "sustained concentration and persistence" heading of section I of the mental RFC assessment form (and in just three areas overall). See 314 F.3d at 285-86.[4] The consultant then concluded, without any apparent qualification, that these worksheet observations translated into an RFC for repetitive, low-stress work. Id. at 286. In the present case, conversely, the consultant appeared to condition his finding that plaintiff could perform unskilled work with a further limitation in CPP. After finding plaintiff "moderately limited" in seven of eight areas under the "sustained concentration and persistence" heading (Tr. [R. 18-1] at 278-79), the consultant concluded in section III: "In consideration of the [claimant's] allegations and the medical evidence in file, we find the [claimant] retains the mental capacity for unskilled work. He may have moderate difficulty with concentration, pace, and persistence." (Tr. at 280.) Thus, even on its own terms the Commissioner's Johansen argument falters.

Finally, the Commissioner argues that O'Connor-Spinner is distinguishable from the present case. As indicated above, the Commissioner failed to even mention O'Connor-Spinner at the merits stage, much less attempt to distinguish it, and it is hard to see how a litigation position can be deemed substantially justified based on an argument the litigant never made. In any event, this argument also lacks merit under the facts of this case.

The Commissioner notes that in O'Connor-Spinner the ALJ failed to include a CPP limitation in the hypothetical, although he later listed such a limitation in assessing RFC. 627 F.3d at 617-18. Based on this, the Commissioner essentially argues (again citing unpublished

---

[4]Overall, the consultant found the claimant in Johansen not significantly limited in seventeen of twenty work-related areas of mental functioning. Id. at 285.

8

district court cases) that the real error in O'Connor-Spinner was that the ALJ failed to incorporate into the hypothetical all of the limitations from the RFC. (R. 27 at 7-8.) The Commissioner notes that in the present case the ALJ did not include a CPP limitation in the RFC and contends that this is therefore not a case where the ALJ failed to fully incorporate his RFC finding into the hypothetical questions. Accordingly, the Commissioner argues that she had a rational basis for arguing that the ALJ's hypothetical accounted for all of the limitations in the RFC.

"Hypothetical questions posed to vocational experts ordinarily must include all limitations supported by medical evidence in the record." Steele v. Barnhart, 290 F.3d 936, 942 (7th Cir. 2002). It would be odd to say that an ALJ could evade this requirement simply by omitting the limitations from the RFC. This is not to say that the ALJ must include in his questions every limitation mentioned in the record; rather, he need only "incorporate into his hypotheticals those impairments and limitations that he accepts as credible." Schmidt v. Astrue, 496 F.3d 833, 846 (7th Cir. 2007). In the present case, the ALJ accepted the consultants' reports, indicating that there were consistent with his decision, yet he omitted from the RFC without explanation the CPP limitation set forth in those reports.[5] See O'Connor-Spinner, 627 F.3d at 620 (noting that the state agency consultant explicitly found limitations in CPP, and the ALJ agreed with that determination). As I indicated in the merits decision, this too was error. (R. 22 at 27.) In other

---

[5] At step three, the ALJ specifically found that plaintiff had moderate difficulties in CPP. (Tr. at 31-32.) It is true that the RFC determination is separate from the step three determination of whether the claimant's mental impairment meets a Listing. See SSR 96-8p, 1996 WL 374184, at *4 (explaining that the "paragraph B" criteria considered at steps two and three are not an RFC assessment, and that the mental RFC assessment used at steps four and five requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B). But this provides no license for the ALJ to omit, without explanation, any kind of CPP limitations from the RFC.

9

words, in the present case the ALJ erred both in setting RFC and in formulating questions to the VE.[6]

**III.**

**THEREFORE, IT IS ORDERED** that plaintiff's EAJA motion (R. 24) is **GRANTED**. The Commissioner makes no challenge to the hours spent or the hourly rates sought by counsel, and on my own review I find both to be reasonable. Accordingly, plaintiff is awarded fees in the amount of $9192.25. These fees are awarded to plaintiff and not his attorney and may, pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), be offset to satisfy preexisting debts that plaintiff owes the United States. If counsel for the parties verify that plaintiff owes no pre-existing debt subject to offset, defendant shall direct that the award be made payable to plaintiff's attorney pursuant to the EAJA assignment duly signed by plaintiff and counsel. If plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, defendant shall instruct the Department of Treasury that any check for the remainder after offset be made payable to plaintiff and mailed to plaintiff's attorney.

Dated at Milwaukee, Wisconsin this 27th day of January, 2014.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[6]Unlike in Packham v. Astrue, 762 F. Supp. 2d 1094, 1105 (N.D. Ill. 2011), the only published decision the Commissioner cites on this issue, in the present case plaintiff did argue that the ALJ unfairly characterized RFC when stating the hypothetical. Further, as I also discussed in the merits decision, the ALJ's additional RFC findings in this case said nothing about plaintiff's limitations but simply reiterated the basic mental demands of unskilled work. (R. 22 at 38.)